The State v. Dale.

THE STATE v. DALE, *Appellant.*

**Practice, Criminal:** CONTINUANCE. An application for a continu-
ance by a defendant in a criminal cause, on account of the absence
of witnesses, although formally sufficient, should not be granted
where the facts set out in the affidavit in support of it, to which it
is alleged the absent witnesses would swear, are wholly immaterial
and irrelevant.

*Appeal from Cedar Circuit Court.*—HON. CHAS. G.
BURTON, Judge.

AFFIRMED.

*Stratton & Hall* and *Buller & Lay* for appellant.

*B. G. Boone,* Attorney General, for the state.

The application for a continuance was properly
overruled. The evidence of the absent witnesses was
irrelevant and immaterial.

HENRY, C. J.—Defendant was indicted in the Cedar
circuit court for stealing a mare. The indictment was
found in September, 1884. At the March term, 1885,
there was a mistrial, and at the October term, 1885, de-

fendant applied for a continuance which was refused,' and the defendant forced to a trial which resulted in his conviction. From the judgment he has appealed.

No instructions are preserved in the bill of exceptions, no objections or exceptions were taken to the admission or exclusion of testimony. The indictment sufficiently charges the offence, and nothing is left for our consideration but the action of the court in refusing the defendant's application for a continuance. His subpœna was issued promptly, but was not returned when the cause was called for trial. His affidavit was in every respect formally sufficient, but the facts which he alleged the absent witnesses would swear to, are wholly immaterial and irrelevant. One of the witnesses, George B. Thompson, would have testified that in August, 1884, he bought cattle which he afterwards ascertained were stolen property. That he gave the marshal of Lamar a description of the man of whom he bought the cattle, and the marshal gave Thompson a description of the mare defendant is charged with having stolen. That in August or September, 1884, he met one Pomeroy near the residence of the latter, in the state of Kansas, and whilst in conversation with him, mentioned the fact that he had been requested to look out for a stolen mare, and he described her to Pomeroy, who then informed him that he had such a mare in his pasture. This testimony, it is contended, is material as contradicting what Pomeroy is alleged to have testified to at a former trial, viz: that he, and not the witness, Thompson, introduced the subject of the stolen mare. Aside from the fact that the contradiction is of an unimportant, immaterial fact, it nowhere appears, except in defendant's affidavit, that Pomeroy so testified on the former trial.

The other witness whose testimony he desired would have testified that he was well acquainted with Alexander Dale, and that on the twenty-sixth day of August,

1884, Alexander Dale came to where witness was at work in a mine near Albia, in Jasper county, and introduced as his cousin the defendant, Thomas Dale. What this has to do with the case it is impossible to conjecture. The theft occurred on the twenty-second of August, and this testimony would not have proven an *alibi*, unless the town of Albia, in Jasper county, is so far distant from the place in Cedar county where the mare was stolen that defendant could not have been where the mare was stolen on the twenty-second, and in Albia on the twenty-sixth of August. And this nowhere appears, in the evidence or the affidavit.

The application strikes us as frivolous, and the action of the court in refusing it as proper. The judgment, all concurring, is affirmed.